JOHN SCHWARTZKOPF, Claimant, *v.* INDUSTRIAL AC-
CIDENT BOARD, Defendant.

No. 11104.
Submitted May 10, 1967. Decided June 6, 1967.
Rehearing denied June 21, 1967.
428 P.2d 468.

(488)

Michael J. Whalen, Billings, for claimant.
L. V. Harris, Helena, for defendant.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal in an industrial accident case from the judgment of the district court which affirmed the order of the Industrial Accident Board denying any further workmen's compensation.

The claimant-appellant is John Schwartzkopf and will be referred to as claimant. The defendant-respondent is the Industrial Accident Board and will be referred to as the Board.

The facts of the case are these: Claimant was employed as a cab driver by the Eagle Cab Company of Billings. He was ad-

mittedly involved in an industrial accident which happened when the cab which he was driving was struck from behind by another car. This accident happened on June 15, 1962. An industrial accident claim was presented to the board. Claimant was awarded compensation at the rate of $29.00 per week for a period of 7 weeks and 6 days. This award was made during the year of 1962.

Claimant continued to work for some five days after the accident at which time he quit because of his many complaints about his health which he attributed to the accident. Claimant sought no aid from a medical doctor after the accident although he did go to a chiropractor about twelve days after the accident. Claimant became dissatisfield with the frequency of the chiropractor's treatments and sought out the aid of another chiropractor. Claimant stated that neither chiropractor's treatments afforded him any permanent relief from his many ailments. He explained his failure to seek medical advice by stating that he was too ill.

About one month after the accident, claimant settled his claim against the other driver involved in the accident for $523.00. Claimant made this settlement without the aid of an attorney.

On August 18, 1964, claimant filed with the Board a petition for determination of disability, seeking an award of total disability, permanent in character, for the accident of June 15, 1962. After a hearing before the Board, the Board denied compensation. Claimant appealed to the district court which allowed claimant to present additional testimony. The district court also denied compensation.

At the time of the accident, claimant was a single man, about 58 years of age. He lived with his widowed mother, then in her eighties. He had no regular trade, occupation, skill or profession by which he earned his living. He had lived on a farm from his birth until 1942, when at the age of 38 he moved with his mother to Billings. From 1942 to 1962, he spent most of

those years with his mother although his mother testified that he had gone to California for a couple of years to work for his brother.

For the ten years prior to the accident, claimant's annual income never exceeded $1,400.00. He earned $1,400.00 in 1952 when he worked nearly a full year as a cab driver. His earnings during this ten year period continually diminished, and during at least three of those years, he earned less than $600.00. After 1952, claimant usually worked only the summer months as a cab driver although a couple of years he did start as early as April and worked through August. At the time of the accident, claimant had been back on the job for only five days, and this was the first work he had done since 1960.

Claimant spent a good deal of the time when he was unemployed in practicing, studying, and composing music. He was also interested in inventing, but he had never sold any of his compositions nor patented any of his inventions.

In addition to claimant's own testimony, the testimony of Dr. Perry M. Berg, an orthopedic surgeon, was presented to the board. Dr. Berg examined claimant on November 15, 1962, and September 29, 1964. Claimant had explained to Dr. Berg his many complaints about his physical health which he thought resulted from the accident. However, Dr. Berg testified that there was no physical or organic basis for claimant's many complaints about his health. It was Dr. Berg's opinion that these complaints stemmed from an emotional or mental problem. He stated that claimant was physically fit to drive a cab or do other work and that such work would be beneficial for claimant.

The Board concluded that there was no medical reason why claimant could not resume his work and that he had suffered no permanent disability and that his claim for further benefits must be denied.

In his appeal to the district court, claimant presented the ad-

ditional testimony of his mother, a neighbor, and Dr. Lino M. LaPenna, a psychiatrist.

Dr. LaPenna had examined claimant on June 7, 14 and 21, 1965. In addition, Dr. LaPenna had claimant tested psychologically by a Dr. Wilson, a clinical psychologist. Dr. LaPenna's testimony revealed that claimant had suffered from a mental illness for many years and that he "had been marginally adjusted to life for most of his life * * * operating with some degree, even though minimal, of success * * *." Dr. LaPenna stated that it was his opinion that claimant was not treatable because of his age and because of the fact that he had lived so long in the pattern which his mental illness caused. Dr. LaPenna stated that it was difficult to motivate people of claimant's age toward personality changes. It was Dr. LaPenna's opinion that claimant would never resume working. The doctor explained the relationship between the accident and claimant's likelihood of ever returning to work in this manner:

"Q. And could you tell the Court, please, whether or not this inability to go back to work has anything to do with this accident to which you have referred. A. Well, I think that the accident precipitated this situation.

"Q. This disability to which you are referring? A. Right. I mean, this is a speculation that we have to accept, that had the accident not occurred he would presumably have continued working."

After hearing all the testimony, the district court found that "The preponderance of the evidence establishes that the claimant does not suffer any substantial disabling condition from his accident which would prevent him from returning to his former employment, and that he does not suffer physical disability from performing such employment." The district court further found that "Claimant's mental problems pre-existed his accident of June 15, 1962, and prevent him from engaging in steady employment prior to his accident." The district court concluded as a matter of law that "The mental difficulties from

which claimant suffers are not compensable as a physical condition within the contemplation of section 92-418, R.C.M.1947."

For any claimant to recover under section 92-418, he must establish the direct relationship between the industrial accident and his physical condition after such accident. In the instant case, the district court did not make such a finding of the direct relationship between claimant's inability to return to work and the accident, but rather the district court found that claimant's mental problems had prevented steady employment even before the accident.

Thus, the issue presented by this appeal is whether the evidence is sufficient to substantiate the findings of the district court.

The argument made in claimant's brief assumes that the testimony of Dr. LaPenna is sufficient to establish the necessary relationship between the claimant's mental problems and the accident. However, this relationship does not necessarily follow from Dr. LaPenna's testimony. His testimony indicated that claimant's mental illness had limited claimant to a marginal participation in society. He described claimant as untreatable due to his age and long period of living in such a manner. When questioned about the relationship between the accident and the fact that claimant might never return to work, Dr. LaPenna would only go so far as to call it a "speculation" that claimant's failure to return to work was caused by the accident.

The evidence presented to the district court failed to establish the essential element of claimant's case—the direct relationship between the accident and his present condition. The various authorities to which claimant has referred this court are not applicable because he failed to establish this essential element.

We might speculate as to why claimant does not want to return to work, and the district court might also speculate as

to the same matter. However, an award of compensation must be based on better evidence than speculation.

The record substantiates the findings of the district court. It is well-established that the district court's findings will not be reversed unless the evidence clearly preponderates against them. See Newman v. Kamp, 140 Mont. 487, 374 P.2d 100.

We have carefully considered the issues presented by claimant and find them to be without merit. In regard to the Board's cross assignment of error we deem that issue moot due to the determination of this appeal.

The judgment appealed from is affirmed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN CONWAY HARRISON concur.