No. 86-295

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

GLORIA RIGHTNOUR,

        Claimant and Respondent,

-vs-

KARE-MOR, INC.,
        Employer,

    and

INTERMOUNTAIN INSURANCE COMPANY,

        Defendant and Appellant.

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Garlington, Lohn & Robinson; Larry W. Jones, Missoula,
        Montana

    For Respondent:

        David L. Holland, Butte, Montana

Submitted on Briefs: Dec. 11, 1986

Decided: January 20, 1987

Filed: JAN 20 1987

Ethel M. Harrison
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Montana Workers' Compensation Court granting summary judgment to plaintiff/claimant and denying defendant/appellant's motion for summary judgment. Claimant sustained a compensable injury in January, 1982. The settlement agreement included reservation of medical benefits. Following surgery performed in March, 1985, claimant was awarded medical benefits as benefits reserved. We affirm.

The claimant suffered a low back injury arising out of and in the course of her employment, January 19, 1982. Her employer, Kare-Mor, Inc., of Butte, Montana, was enrolled under compensation plan number II of the Workers' Compensation Act. Insurer was Intermountain Insurance Company (appellant). The employer and appellant accepted liability for the claimant's injury and paid weekly temporary total disability benefits pursuant to § 39-71-701, MCA.

A lumbar laminectomy on a herniated disk at the L4-L5 level was performed September 30, 1982, by Dr. James P. Murphy. Dr. Murphy performed a second surgery in the same area March 30, 1983, to relieve nerve root compression and to remove loose fragments. Dr. Murphy testified in a deposition that claimant's healing period had ended and she had reached maximum healing November 22, 1983. A final settlement was negotiated and approved January 20, 1984, with the claimant reserving medical benefits.

In March, 1984, the claimant was caring for children in her home when she went outside to retrieve a child because of the cold. Her dog moved in front of the steps and she tripped on his chain and fell. Dr. Paul Giacomini made a

2

house call to examine the claimant. She could not move her left leg because of severe pain and had muscle spasm in the lumbar region. He prescribed a muscle relaxant. The doctor's examination notes of September, 1984, indicate he believed her tripping and falling caused the pain in her leg, which was becoming progressively more severe.

The claimant was examined by Dr. Murphy in March, 1985. A lumbar myelogram indicated subluxation, the movement of one vertebrae over another. He performed surgery to fuse the L-4 to the sacrum because of the subluxation. This third surgery was not to repair a defect in the prior surgery. The appellant denied liability for payment to claimant of disability and medical benefits under the Workers' Compensation Act.

Both parties deposed Drs. Murphy and Giacomini. Appellant then moved the court for summary judgment on the ground the injury for which claimant was seeking medical and disability benefits did not arise out of and in the course of her employment. In turn, claimant filed a motion for summary judgment, arguing the injury did arise out of and in the course of her employment. The Workers' Compensation Court adopted the hearing examiner's findings of fact, conclusions of law and proposed judgment ordering appellant to pay claimant's medical benefits as the medical benefits reserved by the claimant relating to her compensable injury of January, 1982. Appellant filed a motion for a new trial, or in the alternative asked the court to amend its order to conform to the findings. The motion was denied and this appeal was filed.

The facts are not in dispute, leaving only a question of law to be resolved by this Court. Solich v. Hale (1967), 150 Mont. 358, 361, 435 P.2d 883, 885; § 25-7-102, MCA.

> If [the question on appeal] is a question of law, . . . our scope of review is not so limited [as when reviewing a question of fact]. In such a case, the appropriate standard of review is simply whether the lower court's interpretation of the law is correct. We are not bound by the lower court's conclusion and remain free to reach our own.

Wassberg v. Anaconda Copper Co. (Mont. 1985), 697 P.2d 909, 912, 42 St.Rep. 388, 391.

Liabilty is limited statutorily to those injuries sustained arising out of and in the course of the claimant's employment.

> Every insurer is liable for the payment of compensation, in the manner and to the extent hereinafter provided, to an employee of an employer it insures who receives an injury arising out of and in the course of his employment. . .

Section 39-71-407, MCA.

The essential element to be proved by a claimant is a direct relationship between the claimant's employment and the injury. Schwartzkopf v. Industrial Accident Board (1967), 149 Mont. 488, 493, 428 P.2d 468, 470. That is, a subsequent injury is compensable if it is the direct and natural result of a compensable primary injury, and not the result of an independent intervening cause attributable to the claimant's own intentional conduct. See Breen v. Industrial Accident Board (1968), 150 Mont. 463, 436 P.2d 701. When a subsequent injury is compensable, the claimant is entitled to receive

4

those benefits which are payable because of medical treatment necessitated by the original injury pursuant to § 39-71-407, MCA, and § 39-71-704, MCA, including any medical benefits reserved.

Dr. Giacomini testified the fall aggravated her preexisting weakened back condition. When asked if the subluxation that precipitated the third surgery was a result of the fall in 1984, Dr. Giacomini answered ". . . the fall of 1984 could have caused the subluxation because the previous operation[s] had weakened her spine." He testified:

> [F]rom the time she lifted the patient in the nursing home and injured herself to the time she had surgery this last time is just one continuous line that might have direct ties or indirect ties. But it is the same injury.

Dr. Murphy testified it was "probable the first incident requiring not one, but two surgeries, can be extrapolated back to her original injury." He said the fall could have aggravated the original injury.

The need for two surgeries as a result of the original injury is undisputed. Nor is there dispute the claimant now has a weakened lower back. The Workers' Compensation Court concluded

> [t]he claimant has proven to a reasonable degree of medical certainty that the original compensable injury of January 19, 1982 and the two subsequent surgeries weakened her back, and combined with the fall in her home in March, 1984, resulted in a third surgery being required. Such surgery and other medical bills related to that fall are the natural consequence of the original injury.

The claimant has shown by medical testimony a causal connection between her injury of January, 1982, and the surgery performed in March, 1985. Thus we affirm the order of the Workers' Compensation Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6