No. 87-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

DELORES E. GUILD,

        Claimant and Appellant,

   -vs-

BIGFORK CONVALESCENT CENTER, and
NORTHWEST HORIZONS, Employers,
     and
ROCKWOOD INSURANCE COMPANY, and
EMPLOYEE BENEFITS INSURANCE CO.,

        Defendants and Respondents.

_____

APPEAL FROM:  The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bothe & Lauridsen; David W. Lauridsen, Columbia Falls,
        Montana

    For Respondent:

        Garlington, Lohn & Robinson; E. Craig Daue, Missoula,
        Montana
        Keller, Reynolds, Drake, Sternhagen & Johnson; William
        G. Sternhagen, Helena, Montana

_____

Submitted on Briefs:  Nov. 24, 1987

Decided:  December 22, 1987

Filed:

Eth M. Harrison
_____
               Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Claimant Mrs. Guild appeals the decision of the Workers' Compensation Court on her claim for temporary total disability benefits. Employee Benefits Insurance Co. (EBI) also appeals. We reverse and remand.

The issues raised by Mrs. Guild are:

1. Did the Workers' Compensation Court err in failing to award Mrs. Guild temporary total disability benefits from Rockwood Insurance Company after August 16, 1985?

2. Did the court err in failing to find that Mrs. Guild had sustained a compensable hip injury on July 1, 1985?

3. Is Mrs. Guild entitled to an increase in her award for unreasonable delay or refusal to pay benefits, and is she entitled to costs and attorney fees?

EBI raises the issues of whether Rockwood Insurance Company is liable to EBI for 1) benefits paid by EBI during the pendency of this action, and 2) EBI's attorney fees and costs.

In August 1983, Mrs. Guild suffered a back injury arising out of and in the course of her employment as a nurses' aide at Bigfork Convalescent Home. The insurer, Rockwood Insurance Company (Rockwood), accepted liability and paid Mrs. Guild temporary total disability benefits for about ten days. Mrs. Guild then returned to work. She remained employed at Bigfork Convalescent Home until October 1984, when she found employment elsewhere.

On July 1, 1985, while lifting a patient in the course of her employment at Northwest Horizons, Inc., Mrs. Guild suffered a second industrial accident. EBI was the insurance carrier. Mrs. Guild continued working her regular schedule until July 26, when she was unable to return to work. Her physician diagnosed her problem as abdominal muscular strain.

2

On August 12, Mrs. Guild's physician released her to return to work on August 20. In the meantime, on August 16, Mrs. Guild injured her back while sliding into her small car after watching a parade. She remained unable to work at the time of trial. Her condition has been diagnosed as the effect of a calcified bulging disk upon a nerve root. In the opinions of two physicians who have examined Mrs. Guild, the calcified bulging disk is a result of the 1983 industrial accident.

Beginning August 21, 1985, EBI paid Mrs. Guild temporary total disability benefits retroactive to the date of her abdominal muscular injury and until October 1986. On October 17, 1986, the Workers' Compensation hearing examiner ordered that Rockwood assume responsibility for temporary total disability benefits until this matter was finally adjudicated. The hearing examiner ruled that in the event EBI were eventually determined to be the insurer on risk, Rockwood would be reimbursed.

After the hearing, the Workers' Compensation Court concluded that Mrs. Guild was entitled to temporary total disability benefits from EBI for the period from July 1, 1985, to August 16, 1985. It ruled that Mrs. Guild was not entitled to disability benefits from either defendant for her August 16, 1985, parade injury, but instructed Mrs. Guild and Rockwood to reach a settlement on the question of whether Mrs. Guild is entitled to permanent partial disability benefits. It ordered that the temporary total disability benefits paid by Rockwood to Mrs. Guild during the pendency of this action be credited toward those permanent partial benefits, if any. It denied Mrs. Guild an increase in award for unreasonable delay or refusal to pay benefits, and denied her claim for costs and attorney fees.

## I

Did the Workers' Compensation Court err in failing to award Mrs. Guild temporary total disability benefits from Rockwood Insurance Company after August 16, 1985?

Mrs. Guild argues that her present disability is a result of aggravation of her pre-existing injury from her first industrial accident. She asserts that this entitles her to benefits from Rockwood from the date of the parade incident until she reaches maximum healing.

Mrs. Guild cites Rightnour v. Kare-Mor, Inc. (Mont. 1987), 732 P.2d 829, 44 St.Rep. 141. The claimant in Rightnour had suffered an industrial injury to her lower back. A settlement was negotiated, with the claimant reserving medical benefits. Claimant subsequently reinjured her back, not in the course of her employment. Notwithstanding the fact that the reinjury occurred outside claimant's employment, the Workers' Compensation Court ordered claimant's medical expenses paid from the medical benefits reserved from the compensable injury. We affirmed.

Rockwood states that this case is governed by Belton v. Carlson Transport (Mont. 1983), 658 P.2d 405, 40 St.Rep. 158. In that case, we held that a traumatic event or unusual strain which aggravates a pre-existing compensable injury may be a compensable injury. We also held that the carrier at risk at the time of the first compensable injury is liable for benefits up to the point of maximum healing. Rockwood says that in this case there was maximum healing from both the first and second injuries, so that Rockwood is no longer liable for total disability benefits.

The Workers' Compensation Court found that Mrs. Guild's first industrial injury confined her to bed for a week with "excruciating" pain in her back. It found that Rockwood paid temporary total disability benefits for this injury. The

4

court found that Mrs. Guild returned to work fulltime, and it is undisputed that she resumed her normal work activities. The court found that Mrs. Guild's subsequent abdominal muscular injury did not create any change in her back condition. The court further found that Mrs. Guild testified that in the parade incident, "a pain shot through her lower back similar to the 1983 pain." It then found that Mrs. Guild's doctor testified that Mrs. Guild's 1983 low back injury was aggravated by the August 16, 1985, parade incident. The last medical evidence submitted, the court found, was that Mrs. Guild had not yet reached maximum healing from the parade incident. It also found that one physician testified Mrs. Guild will not be able to return to work as a nurses' aide because she will never be able to lift. These findings would support a conclusion that Mrs. Guild is entitled to temporary total disability benefits from Rockwood following the parade incident.

However, the Workers' Compensation Court concluded that

> the medical evidence supports the conclusion that the claimant reached maximum healing when she successfully returned to work at the Bigfork Convalescent Home and defendant Rockwood Insurance Company is not liable for temporary total disability benefits after August 22, 1983.

In this unusual case, the parade incident was not a separate injury, but a triggering event relating back to Mrs. Guild's 1983 injury. The court's conclusion is inconsistent with its findings listed above. We hold that under the law of Montana, the fact that a claimant has reached maximum healing does not eliminate the employer's future liability for temporary total disability benefits where, as here, a subsequent non-employment related event causes aggravation of the first injury. Such a case is not comparable to a case where there

5

is a second industrial injury covered by workers' compensation. We remand to the Workers' Compensation Court for reconsideration consistent with this opinion.

## II

Did the court err in failing to find that Mrs. Guild had sustained a compensable hip injury on July 1, 1985?

Mrs. Guild testified that she had hip and radiating leg pain following her July 1, 1985, industrial injury but before the August 16, 1985, parade incident. She argues that EBI is responsible for benefits for that injury.

The medical testimony relied upon by Mrs. Guild is Dr. Stephen's deposition testimony, which was based on a hypothetical question. His testimony was that the presence of such pain would "make me feel it was probable" that she aggravated the lower back condition on July 1, 1985. He also stated, though, that the date on which she started having hip problems would make a difference:

> If it was, you know, within a few days of the 7/1/85, I would think that like I said it would be probable. If it was several weeks later, we would be back to the possible range again.

Mrs. Guild did not complain to her doctor of hip and leg pain until July 26, almost four weeks after her compensable injury.

The Workers' Compensation Court did not enter a finding or conclusion on Mrs. Guild's hip pain. We conclude that the evidence that this hip pain was related to her compensable abdominal muscular injury is not sufficient to put the lower court in error.

## III

Is Mrs. Guild entitled to an increase in her award for unreasonable delay or refusal to pay benefits, and is she entitled to costs and attorney fees?

6

The first of these claims is based on Rockwood's failure to promptly forward to EBI a letter it received from Mrs. Guild's physician. Mrs. Guild indicates that she has been needlessly forced to prosecute a claim against both insurers because of this failure. She claims an entitlement to a 20% penalty under § 39-71-2907, MCA.

We have reviewed the letter at issue, and conclude that it does not constitute the type of evidence which could serve as a basis for a finding of unreasonable delay or refusal to pay justifying a penalty under § 39-71-2907, MCA. The letter does not set forth a medical opinion or diagnosis, but merely relays Mrs. Guild's belief that her back problem is related to her 1983 industrial injury.

Mrs. Guild also argues that she is entitled to costs and attorney fees under § 39-71-612, MCA. The claim for costs and attorney fees is based on the erroneous proposition that "[t]he Court has found that Rockwood is liable for Claimant's temporary total disability benefits after August 16, 1985." This was not true, as stated above. However, the lower court is directed to reconsider this issue on remand.

IV

Is Rockwood Insurance Company liable to EBI for 1) benefits paid during the pendency of this action, and 2) EBI's attorney fees and costs?

EBI claims that this Court's opinion in Belton v. Carlson Transport (Mont. 1983), 658 P.2d 405, 40 St.Rep. 158, entitles EBI to indemnity from Rockwood for benefits paid by EBI after the second injury reached maximum healing. The claimant in Belton was injured twice, with each accident occuring under a different insurer for purposes of workers' compensation. We held in Belton that it was the duty of the insurance company at risk at the time of the accident to pay

7

benefits until liability was resolved.  <u>Belton</u>, 658 P.2d at 410.

> If it is later determined that the insurance company on risk at the time of the accident should not pay the benefits, this insurance company, of course, has a right to seek indemnity from the insurance company responsible for the benefits already paid out to the claimant.

<u>Belton</u>, 658 P.2d at 410.

If on remand the Workers' Compensation Court rules that Rockwood is responsible for temporary total or permanent partial benefits for Mrs. Guild, it appears that Rockwood is liable to EBI for benefits paid during this action and for EBI's attorney fees.  We conclude that this must be considered on remand.

We reverse the decision of the Workers' Compensation Court, and remand for further proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8