No. 87-367

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

NORTH AMERICAN VAN LINES,

         Employer,

   and

LIBERTY MUTUAL INSURANCE CO.,

      Petitioner and Appellant,

   -vs-

EVANS TRANSFER AND STORAGE, and
STATE COMPENSATION INSURANCE FUND,

      Defendants and Respondents.

---

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Garlington, Lohn & Robinson; Larry Jones, Missoula,
      Montana

   For Respondent:

      James Gardner, Workers' Compensation, Helena, Montana

---

Submitted on Briefs: Aug. 11, 1988

Decided: October 4, 1988

Filed: **OCT 4** 1988

*Ethel M. Harrison*

---

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellant, Liberty Mutual Insurance Company (Liberty Mutual), appeals the Workers' Compensation Court's denial of attorney fees on summary judgment. Liberty Mutual and respondent, State Compensation Insurance Fund (State Fund), were named as defendants in an action involving Darrell Schrock, an injured worker. State Fund was found to be liable for benefits to Schrock and Liberty Mutual moved for its attorney fees to be paid by State Fund. Liberty Mutual alleged that its costs and expenses went to defending against the allegations by State Fund that Liberty Mutual was the insurer at risk.

We affirm.

The issue on appeal is whether § 39-71-611, MCA (1979), awards attorney fees between two defendant insurance companies.

On December 11, 1984, Darrell Schrock was injured in an industrial accident while driving a truck owned by Evans Transfer and Storage and leased by North American Van Lines. Schrock sued both Liberty Mutual Insurance (appellant), insurer for North American Van Lines, and State Compensation Insurance Fund (respondent), insurer for Evans Transfer and Storage. In Schrock v. Evans Transfer and Storage (Mont. 1987), 732 P.2d 848, 44 St.Rep. 292, it was held that Liberty Mutual was not liable to claimant Schrock for the payment of workers' compensation benefits. Rather, State Fund was the insurer at risk and was liable for Schrock's workers' compensation benefits.

On April 8, 1987, appellant moved for summary judgment on the issue of attorney fees to be paid by State Fund to Liberty Mutual. In the proposed pretrial orders, though, neither State Fund nor Liberty Mutual had brought forth a

claim for attorney fees. On August 5, 1987, the Workers' Compensation Court denied the claim for attorney fees stating that there was no genuine issue of fact and neither of the insurers, as defendants, was entitled to attorney fees.

The issue on appeal is whether an insurer is entitled to attorney fees from another insurer for defending a claim against the injured worker. In Schrock, State Fund alleged that Liberty Mutual was the carrier at risk. Liberty Mutual contends that it spent time defending against the claims of State Fund and, therefore, is entitled to attorney fees from State Fund.

Appellant cites two cases as precedent in the matter of attorney fees in a dispute between insurance carriers. These cases are: Belton v. Carlson Transport (1983), 202 Mont. 384, 658 P.2d 405, and Guild v. Big Fork Convalescent Center (Mont. 1987), 747 P.2d 217, 44 St.Rep. 2139. In Belton, the claimant was injured in 1977. Hartford Accident and Indemnity paid the workers' compensation benefits. In 1979 claimant was injured again, aggravating the 1977 injury. Although the claimant was covered by another insurance company, Transport Indemnity, the Workers' Compensation Court held that Hartford was at risk for this injury also. The Workers' Compensation Court stated that because the injury had never completely healed, payments for aggravation of the original injury were still the obligation of Hartford. On appeal we held that it is not necessary that the injury be "completely healed" but that the duty to pay benefits ends when the injury is at "maximum healing" or a "medically stable condition." Where two insurance companies are in dispute over which insurer is the obligatory party, the insurance company which was on risk at the time of the injury pays the benefits until the dispute is resolved. The Court went on to say:

3

> If it is later determined that the insurance company on risk at the time of the accident should not pay the benefits, this insurance company, of course, has a right to seek indemnity from the insurance company responsible for the benefits already paid out to the claimant.

Belton, 202 Mont. at 392, 658 P.2d at 410.

Appellant asserts that the language from Belton authorizes it to collect attorney fees from State Fund. However, the language above shows that the insurance company is entitled to only the "benefits" already paid out to the claimant. We discussed the right of a prevailing insurer to seek indemnity for benefits it paid out. In Belton, whether one insurer is responsible for another insurer's attorney fees was not at issue.

The claimant in Guild v. Big Fork Convalescent Center (Mont. 1987), 747 P.2d 217, 44 St.Rep. 2139, was injured in 1983 when covered by Rockwood Insurance Company. In 1985 the claimant was again injured in a nonwork-related accident "triggered" by the 1983 injury. In 1985 the claimant's insurer was Employee Benefits Insurance Co. (EBI), who paid benefits before the Workers' Compensation Court's findings. We held that Rockwood was liable to pay benefits to the claimant, and, in turn, Rockwood was liable to EBI to pay those benefits paid prior to the decision.

In Guild, 747 P.2d at 220, 44 St.Rep. at 2143-2144, we stated:

> If on remand the Workers' Compensation Court rules that Rockwood is responsible for temporary total or permanent partial benefits for Mrs. Guild, it appears that Rockwood is liable to EBI for benefits paid during this action and for EBI's attorney fees.

4

This language in Guild, apparently granting attorney fees to EBI on remand, making Rockwood liable for attorney fees, was a misinterpretation of the legislative intent in designing the workers' compensation statutes.

Section 39-71-611, MCA (1979), applicable here, provides that:

> In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge.

A legislative history of § 39-71-611 reveals that the original language used by the Montana legislature provided attorney fees for claimants only:

> Section 2. In the event the insurer denies the claim, or terminates a claim that has already been accepted, and the claim is later determined to be compensable either through hearing or appeal to the courts, the insurer shall pay all costs incurred by the claimant, including reasonable attorneys' fees as established by the division.

Chapter 477, Section 2, Laws of Montana, 1973.

In 1974 and 1979, the statute was amended. Although the amendment discarded the language "all costs incurred by the claimant," there is no indication that the purpose of the statute is changed. Nor does the legislative intent appear to have changed. Attorney fees were meant to be provided to the claimant and not to the defending insurance parties. In the minutes for the Labor and Employment Relations Committee, Norm Grosfield, Administrator of the Workers' Compensation Division in 1979, stated as a proponent of the bill:

> Section 2 would amend 39-71-611 by providing that the workers' compensation judge rather than the division of workers' compensation shall set the award of attorney fees and costs in certain cases. Under the law if an insurer denies liability for a claim or terminates benefits, and it is determined that the action of the insurer was wrong, the insurer must pay reasonable costs and attorney fees to the claimant's attorney.

We hold that § 39-71-611 grants compensation to the claimant for attorney fees in defending against the insurance company's denial of a rightful claim for benefits. Attorney fees are not granted to the insurance companies. The purpose of statutorily providing attorney fees in claims of injured workers is to provide the injured claimant with the fullest recovery possible.

> If therefore, the social purpose of Workers' Compensation Acts is to provide for the injured worker a fund which replaces his lost earnings or his lost earning capacity, the reasonable cost of effectuating such social purpose where litigation is necessary ought also be the burden of the industry. Any erosion of the workers' right of recovery by imposing upon the worker the cost of procuring his rights erodes to that extent the social purpose.

Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 108, 664 P.2d 303, 309.

Because the purpose of attorney fees is to insure that the injured worker receives the full amount of available compensation benefits, the insurance company, in turn, should not be able to claim that § 39-71-611 entitles it to attorney fees, as a defendant, when it is successful over another

6

defendant insurance company. That is not the purpose of the statute.

Moreover, § 39-71-611 is written in terms of a "claim." It is the "claim" which is denied by the insurance company and that same "claim" which may or may not be adjudged compensable by the court. When an injured worker is successful in that "claim," he alone is entitled to attorney fees. However, in the case where two insurers are both defendants, attorney fees cannot be sanctioned against the insurer who is liable for the benefits, to be paid to the other defendant insurer. Attorney fees are allowed for "claimants" only. The defending insurance companies are not claimants.

In Guild we incorrectly ordered attorney fees on remand. It would be improper for the Workers' Compensation Court to order the party found responsible for the benefits to pay the other insurance company for the time it spent in defending against the claim. That portion of Guild which ordered attorney fees to the losing insurance company in a dispute between insurers is overruled.

The purpose of the workers' compensation statutes is to protect the interests of the injured worker.

Because of the decision here, it is not necessary to discuss the other issues on appeal.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

7

_William E. Hunt Sr_

_P. C. McDonough_

Justices