No. 88-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

GLORIA RIGHTNOUR,

      Claimant and Respondent,

    v.

KARE-MOR, INCORPORATED,

    Employer and Appellant,

    and

INTERMOUNTAIN INSURANCE COMPANY,

    Defendant and Appellant.

APPEAL FROM: The Workers' Compensation Court of the State of Montana,
The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:
      Larry W. Jones, Esq.; Garlington, Lohn & Robinson,
      Missoula, Montana

    For Respondent:
      R. Lewis Brown, Jr., Esq., Butte, Montana
      David L. Holland, Esq., Butte, Montana

Submitted on Briefs: December 16, 1988

Decided: February 9, 1989

_____
Clerk

Filed

FILED '89 FEB 9 AM 11 16

ED SMITH CLERK
MONTANA SUPREME COURT

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case was originally before this Court in Rightnour v. Kare-Mor, Inc. (Mont. 1987), 732 P.2d 829, 44 St.Rep. 141, where we concluded that claimant Gloria Rightnour was entitled to medical benefits which were reserved from the settlement agreement. Upon Rightnour's petition, the Workers' Compensation Court then reopened the final settlement and awarded claimant permanent total disability benefits. This appeal arises from that order and judgment. We affirm.

The facts of this case are well set forth in Rightnour, supra, but simply stated, the facts are these: Rightnour suffered a compensable injury to her lower back while employed by the defendant employer in January, 1982. Appellant accepted liability, and after Rightnour reached a state of maximum healing, a settlement agreement between the parties was reached. In March, 1984, Rightnour tripped and fell while caring for children in her home and re-injured her lower back. New to the facts of this appeal, however, is the appellant's revelation that Rightnour was self-employed when the 1984 injury occurred.

Appellant raises two issues for our review:

1. Was the Workers' Compensation Court correct in concluding that good cause existed to reopen the final settlement?

2. Was the Workers' Compensation Court correct in concluding that, based on this Court's prior decision, Rightnour was entitled to disability benefits?

The parties agree that a final settlement may be reopened by the Workers' Compensation Court within four years from the date the settlement was accepted by that court, if

2

there was either a mutual mistake of a material fact, a change in disability, or good cause shown. Section 39-71-204, MCA, (1983) provides in part:

> (1) Except as provided in subsection (2), the division shall have continuing jurisdiction over all its orders, decisions, and awards and may, at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it upon good cause appearing therefor.
>
> (2) The division or the workers' compensation judge shall not have power to rescind, alter, or amend any final settlement or award of compensation more than 4 years after the same has been approved by the division. Rescinding, altering, or amending a final settlement within the 4-year period shall be by agreement between the claimant and the insurer. If the claimant and the insurer cannot agree, the dispute shall be considered a dispute for which the workers' compensation judge has jurisdiction to make a determination.
> . . .

Section 39-71-2909, MCA, (1983) provides:

> The judge may, upon the petition of a claimant or an insurer that the disability of the claimant has changed, review, diminish, or increase, in accordance with the law on benefits as set forth in chapter 71 of this title, any benefits previously awarded by the judge or benefits received by a claimant through settlement agreements. However, the judge may not change any final settlement or award of compensation more than 4 years after the settlement has been approved by the division or any order approving a full and final compromise settlement of compensation.

3

The hearing examiner found Rightnour had presented sufficient medical evidence that her disability has increased since the settlement was entered. Dr. Murphy concluded that Rightnour's impairment rating increased from 20% to 35%; Rightnour has been restricted to a five to eight pound weight restriction on repetitious lifting; and a rehabilitation consultant concluded that Rightnour is no longer able to engage in any occupation in her normal labor market. We find sufficient evidence existed to enable the Workers' Compensation Court to reopen the settlement agreement.

Appellant next contends the Workers' Compensation Judge erroneously concluded that, because the insurer was liable for Rightnour's medical benefits, it logically follows that the insurer is also liable for her disability benefits. As stated in _Rightnour_, the Workers' Compensation Court concluded:

> [T]he claimant has proven to a reasonable degree of medical certainty that the original compensable injury of January 19, 1982 and the two subsequent surgeries weakened her back, and combined with the fall in her home in March, 1984, resulted in a third surgery being required. Such surgery and other medical bills related to that fall are the natural consequence of the original injury.

_Rightnour_, 732 P.2d at 831. We agree the Workers' Compensation Court has not reached an erroneous conclusion.

Appellant argues that, under the facts as it now knows them, i.e., that Rightnour was self-employed when the 1984 injury occurred, it is not liable for the disability benefits. In other words, now that it has conducted proper discovery, appellant wants to relitigate or contest the same liability issue. However, it is of no benefit to the appellant that it failed to take Rightnour's deposition and

therefore did not learn that she was self-employed. As stated in 46 Am.Jur.2d, Judgments, § 443:

> Clearly, the enforcement of the rule of res judicata may not be avoided by the discovery of new evidence bearing on a fact or issue involved in the original action, as distinguished from a subsequent fact or event which creates a new legal situation, even though the newly discovered evidence might have been sufficient to justify a new trial in the first case. . .

Furthermore, 46 Am.Jur.2d, Judgments, § 474, reads in part:

> [T]he operation of a judgment as res judicata is not affected by a showing that the unsuccessful party might have prevailed if he had been sufficiently diligent. Hence, the application of the rule does not depend upon whether the case was as comprehensively or pursuasively presented at the first trial as at the second. In accord with these principles, a litigant may not avoid the effect of the doctrine, as to an issue presented for determination in the prior action, by failing to offer proof of it.

Appellant failed to bring this evidence before the court during the initial litigation and is now bound by that determination. Also of interest is the appellant's actual or constructive knowledge that Rightnour was self-employed. Rightnour wrote to the insurer prior to the execution of the settlement agreement and informed them she was going to open a "Children's Day Care Home" to earn a living. Appellant was, or should have been, well aware that Rightnour was self-employed and the failure to raise this defense does not prevent the application of res judicata to the initial judgment.

5

Finally, appellant's suggestion that it is excused from adequately developing this defense because the law has changed is also unpersuasive. Whatever the appellant's interpretation may be of our decision in Guild v. Bigfork Convalescent Center (Mont. 1987), 747 P.2d 217, 44 St.Rep. 2139, its understanding of the law as it stood at the time of the initial litigation included the defense of injury during other employment. Belton v. Carlson Transport (1983), 202 Mont. 384, 658 P.2d 405. There is no excuse for failing to raise Rightnour's other employment as a defense.

The judgment of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6