No. 90-518

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

DOLORES JAENISH,

Claimant and Appellant,

-vs-

SUPER 8 MOTEL, Employer,
and
EBI/ORION GROUP,

Defendant, Respondent and Cross-Appellant.

FILED

MAY 3 0 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: The Workers' Compensation Court,
The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dolores Jaenish, Pro Se, Bozeman, Montana

For Respondent:

Steven S. Carey; Garlington, Lohn & Robinson,
Missoula, Montana

Submitted on Briefs: April 4, 1991

Decided: May 30, 1991

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Dolores Jaenish and EBI/Orion Group appeal from a July 20, 1990, judgment of the Montana Workers' Compensation Court ordering EBI/Orion Group to be pay Jaenish 300 weeks of permanent partial disability benefits. We affirm.

The parties present the following issues:

1. Was the court's determination of Jaenish's permanent partial disability entitlement supported by substantial credible evidence?

2. Did the Workers' Compensation Court err in denying Jaenish's request to impose a twenty per cent penalty on EBI/Orion Group pursuant to § 39-71-2907, MCA?

3. Did the Workers' Compensation Court abuse its discretion in reversing its assessment of costs and attorney's fees related to the continuation of the first trial after stipulation by the parties?

Dolores Jaenish strained her back on January 24, 1985, while working as a maid and housekeeper for Super 8 Motel in Bozeman, Montana. She experienced severe back pain between her shoulder blades. Jaenish had received a back injury in an automobile accident in 1976 which aggravated a childhood arthritic condition.

Jaenish testified that since her injury in 1985 she had not worked and continued to experience chronic back pain and headaches related to her back condition. She took medications for pain, for stomach discomfort, and to help her sleep. Jaenish said that she

2

had difficulty sleeping because the back pain would cause her to wake up during the night. Jaenish also testified that because of back pain she had trouble doing certain household chores, such as laundry and vacuuming, and could not sit for long periods of time.

Testimony was received from several physicians. A panel of doctors concluded that Jaenish had upper back pain of a muscular ligamentous nature. The physicians reported minimum findings of degenerative changes in Jaenish's thoracic spine and determined that Jaenish had reached maximum medical healing from the episode of January 24, 1985. The panel also concluded that Jaenish had a zero impairment rating based on the guidelines of the American Medical Association.

EBI/Orion Group accepted liability for Jaenish's injury and paid medical benefits and permanent partial disability benefits. Prior to the hearings, Jaenish had also received lump sum advances totalling $6,500. Jaenish claimed that EBI/Orion should be penalized for unreasonable delay in acting on her requests for lump sum advances.

A hearing was held September 19, 1988, with Jaenish representing herself. At Jaenish's request, the trial was continued in order for Jaenish to obtain counsel. The court advised Jaenish that if a continuance were granted, "the Court is going to consider imposition [on Jaenish] of the costs of the defendant and his witness being here today . . . ."

A second hearing was held on September 5, 1989, with Jaenish represented by counsel. The hearing examiner heard testimony from

3

Jaenish and from a vocational consultant and evaluator who had been retained by EBI/Orion.

Based on the evidence, the Workers' Compensation Court concluded that Jaenish was 60 per cent permanently partially disabled, and had reached maximum healing. The court ordered the insurer to pay 300 weeks of permanent partial benefits at the stipulated rate of $101.14 per week. The court awarded attorney's fees to Jaenish for the amount recovered above the insurer's settlement offer of $25,285. The court also concluded that Jaenish was not entitled to a penalty since EBI/Orion's delay in paying advances to Jaenish was reasonable.

From the judgment of the Workers' Compensation Court, both parties appeal.

I

Was the court's determination of Jaenish's permanent partial disability entitlement supported by substantial credible evidence?

Jaenish contends that the evidence supports a determination that she is permanently totally disabled, rather than permanently partially disabled. Jaenish also disputes the court's finding that she had reached maximum healing. EBI/Orion agrees with the court's conclusion that Jaenish is permanently partially disabled, but argues that the evidence was insufficient to support the court's finding of 60 per cent disability.

The standard of review in workers' compensation cases is whether the court's findings and conclusions are supported by substantial, credible evidence. Gaumer v. Montana Department of

Highways (1990), 243 Mont. 414, 418, 795 P.2d 77, 79. We cannot substitute our judgment for that of the Workers' Compensation Court concerning the weight of the evidence on questions of fact. When substantial evidence supports the findings of the Workers' Compensation Court, the decision cannot be overturned. Wood v. Consolidated Freightways, Inc. (Mont. 1991), 808 P.2d 502, 504, 48 St.Rep. 306, 306-07.

As a preliminary matter, we note that no dispute exists about the sufficiency of the evidence supporting the court's finding that Jaenish is "as far restored as the permanent character of her injuries will permit," since at the second hearing her counsel stipulated to maximum healing having been reached. Maximum healing triggers a reevaluation of the claimant's disability status as either permanently totally disabled or permanently partially disabled. Wood, 808 P.2d at 504, 48 St.Rep. at 307.

Jaenish contends the evidence supported a determination that she is permanently totally disabled, rather than permanently partially disabled. Permanent total disability is defined as:

> [A] condition resulting from injury as defined in this chapter that results in the loss of actual earnings or earning capability that exists after the injured worker is as far restored as the permanent character of the injuries will permit and which results in the worker having no reasonable prospect of finding regular employment of any kind in the normal labor market.

Section 39-71-116(13), MCA (1983). To establish "no reasonable prospect of finding regular employment of any kind in the normal labor market" the claimant must "'introduce substantial credible evidence of (1) what jobs constitute his normal labor market, and

(2) a complete inability to perform the employment and duties associated with those jobs because of his work-related injury.'" Metzger v. Chemetron Corporation (1984), 212 Mont. 351, 355, 687 P.2d 1033, 1035 (quoting Spooner v. Action Sales, Inc. (1983) III Workers' Compensation Court Decisions No. 85). Once a claimant presents evidence demonstrating that no reasonable prospect of employment in his normal labor market exists, the burden of proof shifts to the insurer to show that suitable work is available. Wood, 808 P.2d at 504, 48 St.Rep. at 307.

Jaenish failed to introduce evidence of her normal labor market and evidence of a complete inability to perform the duties of employment constituting her labor market. Although the burden did not shift to the insurer to show the availability of suitable work, EBI/Orion presented testimony of a vocational expert who established that Jaenish was capable of performing several jobs in the Bozeman area. Substantial credible evidence supported the conclusion of the court that Jaenish was capable of performing work in her labor market and had not demonstrated a complete inability to return to gainful employment as a result of her work-related injury.

EBI/Orion agrees with the court's finding that Jaenish was permanently partially disabled, but claims that the evidence was insufficient to support Jaenish's disability rating of 60 per cent.

Jaenish elected to proceed under §§ 39-71-705 to -708, MCA (1983), which provided that the indemnity benefits granted "shall be proportionate to loss or loss of use." Factors to consider in

determining disability are the claimant's age, education, work experience, pain, and disability. Flake v. Aetna Life and Casualty Co. (1977), 175 Mont. 127, 129, 572 P.2d 907, 909.

EBI/Orion contends that the evidence does not support the extent of disability determined by the court because Jaenish, at 38, had a substantial number of years left for gainful employment. Testimony of the vocational expert established that Jaenish's condition allowed her to return to work in positions paying approximately the same as she was receiving at the time of her injury. According to EBI/Orion, the medical evidence did not support Jaenish's claims of the extent of her pain. EBI/Orion also points to Jaenish's zero impairment rating.

Our examination of the record reveals that the court specifically considered each of the required factors in reaching its determination that Jaenish was 60 per cent permanently partially disabled. The court cited Jaenish's testimony about the pain she experiences, and her limited activity, education, and work experience to support its 60 per cent permanent partial disability determination.

We will not disturb the findings and conclusions of the Workers' Compensation Court if the conclusions are supported by substantial evidence, even though conflicting evidence was presented. Gaumer, 243 Mont. at 418, 795 P.2d at 79. We hold that the Workers' Compensation Court relied on substantial, credible evidence in determining that Jaenish was 60 per cent permanently partially disabled and entitled to 300 weeks of permanent partial

7

disability payments at the stipulated rate.

## II

Did the Workers' Compensation Court err in denying Jaenish's request to impose a twenty per cent penalty on EBI/Orion pursuant to § 39-71-2907, MCA?

The Workers' Compensation Court may impose a twenty per cent penalty for the insurer's refusal or delay in providing benefits:

> When payment of compensation has been unreasonably delayed or refused by an insurer . . . the full amount of the compensation benefits due a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge . . . .

Section 39-71-2907, MCA (1983). Jaenish claimed that EBI/Orion unreasonably delayed in paying her needed lump sum advances.

The Workers' Compensation Court refused to assess a twenty per cent penalty "since a bona fide dispute existed and the defendant's payment of a $7,000.00 advance was not unreasonable under Section 39-71-2907, MCA." As mandated by the statute, the issue of "unreasonable delay or refusal" is a question of fact to be determined by the Workers' Compensation Court. Handlos v. Cyprus Industrial Minerals (1990), 243 Mont. 314, 317, 794 P.2d 702, 704. The decision whether or not to exact a penalty pursuant to § 39-71-2907, MCA, will not be overturned if based upon substantial, credible evidence. Sharkey v. Atlantic Richfield Co. (1989), 238 Mont. 159, 168, 777 P.2d 870, 876.

After reviewing the record, we hold that substantial, credible

8

evidence supported the decision of the Workers' Compensation Court refusing to impose a twenty per cent penalty on EBI/Orion.

III

Did the Workers' Compensation Court abuse its discretion in reversing its assessment of costs and attorney's fees related to the continuation of the first trial after stipulation by the parties?

In the early stages of this case, Jaenish was repeatedly advised to retain counsel. At the first hearing, when the Workers' Compensation Court considered Jaenish's request for a continuance in order for her to obtain counsel, the court reminded Jaenish of the costs to EBI/Orion of appearing at the first hearing and warned her that the court might impose those costs on Jaenish. This exchange followed:

> JAENISH: I spoke with my lawyer on Friday and told him of the situation and he suggested the continuance. He's willing and said he will pick up the case.
>
> HEARING EXAMINER: And the costs?
>
> JAENISH: Yes, he will pick up the costs.
>
> HEARING EXAMINER: The $1500 to Mr. Carey [EBI/Orion's counsel]?
>
> JAENISH: I think so.

EBI/Orion protests the award of attorney's fees to Jaenish on the ground that Jaenish, during the first hearing, agreed to pay EBI/Orion's costs, including attorney's fees, incurred at the first hearing. EBI/Orion requested that those costs of the first hearing be deducted from Jaenish's entitlement and later moved for reclarification of this issue. The Workers' Compensation Court

9

denied both motions.

We do not agree that Jaenish stipulated to paying attorney's fees and costs as EBI/Orion asserts. At the first hearing the hearing examiner, after the exchange quoted above, cautioned Jaenish that "the Court is going to consider imposition [on Jaenish] of the costs of the defendant and his witness being here today and proceeding this far in the trial . . . ." The hearing examiner stated in his ruling at the conclusion of the hearing:

> The question of costs of Mr. Carey and his witness and attorney fees will be presented to the Court for a separate consideration.

Thus, the question of whether Jaenish would pay EBI/Orion's costs was not agreed upon or settled at the first hearing. As we read the record, Jaenish's agreement to pay EBI/Orion's costs was only valid if so ordered by the Workers' Compensation Court.

The Workers' Compensation Court concluded that Jaenish's offer to pay costs of the first hearing was unenforceable because an insurer is not entitled to attorney's fees and costs under the Workers' Compensation Act. See North American Van Lines v. Evans Transfer & Storage (1988), 234 Mont. 209, 766 P.2d 220. In North American Van Lines we stated that the purpose of awarding attorney's fees to the claimant is to ensure that the injured worker receives the fullest recovery possible. North American Van Lines, 234 Mont. at 213, 766 P.2d at 223.

The decision of the Workers' Compensation Court refusing to award costs and fees of the first hearing to EBI/Orion is consistent with the policy of providing the injured worker with the

10

full amount of compensation benefits available.  We hold that the Workers' Compensation Court did not abuse its discretion in refusing to award EBI/Orion the costs and attorney's fees incurred at the first hearing.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

11