No. 90-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

ANDREW W. WOOD,

      Claimant and Appellant,

  -v-

CONSOLIDATED FREIGHTWAYS, INC,

      Employer, Defendant and
      Respondent.

APPEAL FROM:    Workers' Compensation Court
              The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           James M. Regnier; Regnier, Lewis & Boland; Great
           Falls, Montana

      For Respondent:

           Thomas A. Marra; Marra, Wenz, Johnson & Hopkins;
           Great Falls, Montana

FILED

Submitted on Briefs:  February 21, 1991

Decided:  March 28, 1991

Filed:      MAR 28 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
           Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves the termination of an injured worker's temporary total disability benefits. The claimant Andrew L. Wood appeals an order of the Workers' Compensation Court. The court terminated his temporary total disability benefits and converted them to permanent partial disability benefits on the grounds that the claimant had reached maximum healing and there was a suitable labor market for him to return to work. We reverse and remand the case for further proceedings.

The claimant raises two issues on this appeal:

(1) Did the Workers' Compensation Court err in determining that Wood was permanently partially disabled and not permanently totally disabled?

(2) Did the Workers' Compensation Court err in determining that the defendant/insurer's termination of temporary total disability benefits was proper?

Wood was injured on July 16, 1986 while working for Consolidated Freightways (CF). Wood received temporary total disability benefits in accordance with § 39-71-701, MCA, from the date of the injury until February 4, 1988. CF terminated Wood's temporary total disability benefits by letter on January 20, 1988. The termination letter did not include copies of any medical or vocational reports. On January 29, 1988, CF's claims examiner received a letter from Jeanne Dussault, a vocational rehabilitation counselor, which included job descriptions Dussault had identified as employment options for Wood.

The letter indicated that the job descriptions listed had not been approved by Wood's then-treating physician, who had just retired, or any other physician. The record reveals no subsequent attempts by CF's claims examiner to attempt to contact Wood's physician or any other doctor to seek approval of the job descriptions identified by the vocational rehabilitation counselor.

In its order the Workers' Compensation Court found that the medical evidence was overwhelming that the claimant had reached maximum healing and was permanently partially disabled rather than totally disabled. Indeed, the record indicates that four physicians, including Wood's own, examined Wood and testified that he should be able to return to some type of employment. While one doctor opined that Wood could actually return to his old job as a dock worker for CF, the others felt that Wood was able to perform only light-duty, sedentary tasks. Based on this medical evidence, the vocational rehabilitation counselor was of the opinion that she had all the information necessary to make a determination as to what type of physical restrictions in employment the claimant's treating physician had placed upon Wood. On cross-examination, however, she admitted that none of the job descriptions which she had identified had been presented to any physician for approval although such approval was the normal procedure in her profession. Another vocational rehabilitation counselor called by the claimant as an expert witness also testified that it was normal procedure to obtain a physician's approval of potential jobs in an injured worker's job market.

Finally, the record also reveals that since his injury, Wood has made no attempts to go back to work.

Our standard for reviewing a decision of the Workers' Compensation Court is to determine if there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to weight of the evidence on questions of fact. Where there is substantial evidence to support the Workers' Compensation Court, this Court cannot overturn the decision. Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 347, 704 P.2d 1048, 1050, Hume v. St. Regis Paper Company (1980), 187 Mont. 53, 59, 608 P.2d 1063, 1066.

There is no dispute in this case that the claimant has reached maximum healing. Maximum healing triggers a reevaluation of the claimant's disability status; the claimant is then classified as either permanently totally disabled or permanently partially disabled. See McDanold v. B.N. Transport, Inc. (1984), 208 Mont. 470, 475, 679 P.2d 1188, 1191. Under the law applicable at the time of Wood's injury, permanent total disability is defined as:

> a condition resulting from injury as defined in this chapter that results in the loss of actual earnings or earning capability that exists after the injured worker is as far restored as the permanent character of the injuries will permit and which results in the worker having no reasonable prospect of finding regular employment of any kind in the normal labor market. Disability shall be supported by a preponderance of medical evidence. (Emphasis added.)

Section 39-71-116(13), MCA (1985). Under this definition, disability has non-medical as well as medical components.

4

Regarding the non-medical component of permanent total disability, this Court has stated:

> "To establish the existence of no reasonable prospect of employment in the normal labor market, a claimant must introduce substantial credible evidence of (1) what jobs constitute his normal labor market, and (2) a complete inability to perform the employment and duties associated with those jobs because of his work related injury." (Citations omitted.)

Coles, 704 P.2d at 1051; Metzger v. Chemtron Corp. (1984), 212 Mont. 351, 355, 687 P.2d 1033, 1035. Once a claimant presents evidence demonstrating that there is no reasonable prospect of employment in his normal labor market, the burden of proof then shifts to the employer to show that suitable work is available. Coles, 704 P.2d at 1051; Metzger, 687 P.2d at 1036.

In its order, the Workers' Compensation Court set forth the claimant's work history, which included farm labor, both prior and subsequent to a period of military service, and 28 years of heavy physical labor as a dock worker and driver for CF. In conclusion of law no. 2, the court took

> note of the fact that the claimant's normal labor market consists of heavy physical laboring positions, particularly, at least for the last 28 years, as a dock man/driver for Consolidated Freightways a position which required claimant to frequently, arguably, consistently, lift, in the process of loading and unloading trucks, in excess of 150 pounds. With the exception of Dr. Forbeck, none of the [other three] physicians, or indeed the claims examiner for the defendant, suggest that the claimant should return to his previous employment.

In the context of the claimant's normal labor market, the court then discusses the claimant's ability to return to the "light duty" work suggested by the vocational rehabilitation counselor but not approved by a physician. This is inconsistent with the court's

5

earlier identification of the claimant's "normal labor market" as one consisting of heavy manual labor, and is also inconsistent with the concept of "normal labor market" used in previous decisions of this Court. See e.g. Wilhelm v. Owens Enterprises, Inc. (Mont. 1990), 790 P.2d 467, 471, 47 St.Rep. 699, 704-5.

In this case, there is substantial credible evidence in the record to support a finding that Wood was unable to return to his normal labor market of employment involving heavy physical labor. Three out of four physicians concluded that Wood could no longer perform the heavy physical labor in employment that he had performed essentially all of his adult life. Thus, the claimant met his burden of demonstrating "no reasonable prospect of employment" with evidence that his "normal labor market" consists of heavy manual labor and with medical evidence indicating he can no longer perform such labor due to his work related injury. Thus, the burden shifted to CF to demonstrate that other suitable work is available to Wood. Coles, 704 P.2d at 1051, Metzger, 687 P.2d at 1035-36. In this regard, the Workers' Compensation Court utilized the following test, taken from its decision in Coles, WCC No. 2000, decided November 20, 1984, aff'd 217 Mont. 343, 704 P.2d 1048 (1985), to determine whether the employer had provided the minimum information necessary to discharge its duty to investigate the extent of claimant's disability. The test requires:

> (1) a physician's determination that the claimant is as far restored as the permanent character of his injuries will permit;

> (2) a physician's determination of the claimant's physical restrictions resulting from an industrial

6

accident;

(3) <u>a physician's determination</u>, based on his knowledge of the claimant's former employment duties, <u>that he can return to work</u>, with or without restrictions, <u>on the job on which he was injured or another job for which he is fitted by age, education, work experience, and physical condition</u>;

(4) notice to the claimant of receipt of the report attached to a copy of the report. (Emphasis added.)

The record indicates that CF has not met its burden under this test. CF presented a list of suggested jobs as "available suitable work" but ₁ailed to meet its evidentiary burden under <u>Coles</u> requiring a <u>physician's determination</u> that the claimant can return to one of these suggested occupations. There is simply no evidence in the record to support the court's conclusion suitable work is available to Wood under the third prong of <u>Coles</u>. The Court itself noted the lack of evidence:

Though we conclude, under these facts, that the insurer acted properly, we do so primarily based on the abundant medical and vocational evidence. The insurer has stretched the <u>Coles</u> standards to the limit in this instance and we would caution the parties and counsel that few cases present themselves with similar overwhelming medical evidence; thus, adherence to the <u>Coles</u> elements remains vital.

Despite this attempt to support its conclusions, the evidence clearly fails to meet the court's own "vital" criteria as set forth in <u>Coles</u>. Absent a physician's determination that Wood could return to work in one of the jobs listed by the vocational rehabilitation counselor, there is no substantial credible evidence in the record to support the finding that Wood could return to work in one of these jobs. Because CF has failed to meet its burden, we reverse this case and direct the Workers' Compensation Court to

7

enter judgment in favor of Wood.  See e.g. <u>Wilhelm</u>, <u>supra</u>, 790 P.2d at 471.

Because we reverse the Workers' Compensation Court's judgment on the first issue, we need not address the second issue raised by Wood.

**REVERSED and REMANDED for further proceedings consistent with this opinion.**

_____
                                         Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
          Justices

8