No. 91-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

ADELINE GARCIA,

      Claimant and Appellant,

-vs-

STATE COMPENSATION MUTUAL INSURANCE FUND and
MONTANA DEPARTMENT OF LABOR AND INDUSTRY,

      Defendants and Respondents.


APPEAL FROM    Workers' Compensation Court
                The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            Don Edgar Burris, Attorney at Law, Billings,
            Montana.

      For Respondent:

            Michael P. Heringer, Attorney at Law, Billings,
            Montana.

**FILED**

MAY 21 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: February 6, 1992

Decided: May 21, 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Adeline Garcia appeals from a judgment of the Workers' Compensation Court which held that she was not entitled to compensation beyond the amount paid.

Although several issues are submitted on appeal, we find only one necessary for our review:

Whether substantial credible evidence supports the Workers' Compensation Court's determination that Garcia was not entitled to compensation beyond the amount paid.

On July 18, 1988, Garcia was injured while filing some documents in the bottom drawer of a filing cabinet while employed by the Department of Labor and Industry. On August 16, 1988, Dr. Lovitt performed a lumbosacral fusion at the LS-S1 level of Garcia's spine. Garcia has not returned to work since July 18, 1988. It is undisputed that Garcia has a long history of back problems. The State Fund first refused but then accepted Garcia's claim and made payments under the reservation of rights in § 39-71-608, MCA. After an investigation was completed, it terminated the claimant's benefits.

Garcia filed a petition with the Workers' Compensation Court contesting the termination of benefits. A trial was held on March 4, 1991. The hearing examiner executed a proposed judgment on August 8, 1991. The Workers' Compensation Judge adopted the proposed findings of fact and conclusions of law and proposed judgment of the hearing examiner. This appeal followed.

2

Our standard for reviewing a decision of the Workers' Compensation Court is to determine if there is substantial evidence to support the findings and conclusions of that court. Where there is substantial evidence to support the Workers' Compensation Court, this Court cannot overturn the decision. Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 347, 704 P.2d 1048, 1050; Wood v. Consolidated Freightways (1991), 248 Mont. 26, 28, 808 P.2d 502, 504.

I

The Workers' Compensation Court found that Garcia began suffering from low back pain in the mid-1970's. She was eventually diagnosed with degenerative disk disease, which is a wear and tear process that occurs with aging. On June 10, 1986, Garcia was seen by Dr. Teal for a gradual increase in pain over the past decade. She was treated with medication, physical therapy and exercise. On October 26, 1987, she began seeing Dr. Lovitt. On June 17, 1988, Garcia and Dr. Lovitt discussed the possibility of surgery. On July 18, 1988, the day of the injury, Garcia saw Dr. Lovitt. They again discussed the possibility of surgery. Dr. Lovitt considered Garcia's July 18, 1988 visit as a flare-up in her continuing symptoms. As noted above, Garcia underwent surgery on August 16, 1988.

The Workers' Compensation Court, in its conclusions of law, found that Garcia was within the course and scope of her employment on July 18, 1988, when she suffered an injury as defined in § 39-

71-119, MCA (1987). This statute provides in part:

> **39-71-119.    Injury and accident defined.**    (1)
> "Injury" or "injured" means:
>     (a)   internal or external physical harm to the
> body;...
>     (2) An injury is caused by an accident.  An accident
> is:
>     (a)   an unexpected traumatic incident or unusual
> strain;
>     (b)   identifiable by time and place of occurrence;
>     (c)   identifiable by member or part of the body
> affected; and
>     (d)   caused by a specific event on a single day or
> during a single work shift...

The Workers' Compensation Court concluded the definition of injury retains the pre-1987 requirement of "an unexpected traumatic accident" or "unusual strain."  Gaumer v. State Compensation Fund (1990), 243 Mont. 414, 795 P.2d 77.  The court also found that the fact that an employee is suffering from or afflicted with preexisting disease or disability does not preclude compensation if the disease or disability is aggravated or accelerated by an industrial accident.  Birnie v. U.S. Gypsum, Co. (1958), 134 Mont. 39, 328 P.2d 133; Rumsey v. Cardinal Petroleum (1975), 166 Mont. 17, 530 P.2d 433; Shepard v. Midland Foods, Inc. (1983), 205 Mont. 146, 666 P.2d 758.

However, the Workers' Compensation Court found that "compensable injury" and "disability" were two separate considerations.  Hall v. Cigna Insurance Co., (1991), 248 Mont. 484, 812 P.2d 1262.  In Hall, the claimant sustained several separate injuries over a period of years while employed with different employers and while doing separate activities.  Hall

4

alleged right knee, left ankle, and back pain were attributable to injuries sustained while working for ARCO. Hall at 488, 812 P.2d at 1264. We held that Hall did not demonstrate by a preponderance of the evidence that his current medical condition was attributable to his employment with ARCO. Hall at 489, 812 P.2d at 1265.

The Workers' Compensation Court concluded that the entitlement to disability benefits must be supported by a preponderance of the medical evidence. The burden of proof is on the claimant to prove the work-related incident as a contributory cause to her disability. Gierke v. Associated Indemnity Corporation (1986), 224 Mont. 446, 454, 730 P.2d 1143, 1148. The Workers' Compensation Court found, and the medical record bears out, that Garcia and Dr. Lovitt discussed surgery prior to July 18, 1988. On July 18, 1988, Dr. Lovitt noted the same continuing symptoms. The plaintiff did not present any evidence to support her position that her surgery or disability was causally related to the July 18, 1988 injury.

II

Garcia argues that the Workers' Compensation Court violated her right to due process and equal protection of the law. The basis of the argument is that, in holding Garcia was not entitled to any benefits beyond the amount paid, the court exceeded the issue of whether or not Garcia was injured. Therefore, Garcia was deprived of her right to notice and opportunity to be heard.

One of the issues presented by the parties to the hearing examiner was whether Garcia suffered a compensable industrial

injury arising out of and/in the course of her employment. The Workers' Compensation Court found in Garcia's favor on that issue. In Garcia's complaint and in her contention number one of the pretrial order, Garcia claimed she was entitled to continued temporary total disability payments from the insurer. Thus, the Workers' Compensation Court did not exceed the scope of the issues in concluding Garcia was not entitled to benefits beyond the amount paid.

Garcia argues that the Workers' Compensation Court, in holding she was not entitled to any benefits beyond the amount paid, denied her due process. The essence of her argument is that she was without notice that the disability issue would be tried. However, as stated above, Garcia's first contention in the pretrial order was that of whether or not she was entitled to temporary total disability payments. Evidence that Garcia's disability was not related to her injury was presented by the depositions of Dr. Lovitt and Garcia approximately one month before the hearing. The Workers' Compensation Court made a finding on this issue.

The dissent argues that the Workers' Compensation Court exceeded its jurisdiction by deciding issues not raised by the parties. The hearings examiner approved a pretrial order which was signed by the parties. He noted at the hearing that the order would govern the proceedings. ARM 24.5.318 governs pretrial practice before the Workers' Compensation Court and provides for the pretrial conference and order. The order set forth the

6

uncontested facts, the issues to be determined, and both parties' contentions. The relevant portions are as follows:

> E. Statement of Issues to be Determined by the Court.
>
> 1. Whether Petitioner suffered a compensable industrial injury arising out of/and in the course of her employment on or about July 18, 1988 . . .
>
> F. Petitioner's Contentions:
>
> 1. Petitioner has been, and continues to be, temporarily totally disabled as a result of the incident of July 18, 1988 . . .
>
> G. Defendant's Contentions:
>
> 2. Claimant has a long history of back problems. Her surgery and back problems are related to her history of back problems not to anything that occurred on or about July 18, 1988. Likewise, the medical records reflect that claimant decided to have surgery on her back prior to the time of her alleged injury.

Further, the depositions of Dr. Lovitt and Garcia were submitted to the hearings examiner.

One of the purposes of the pretrial order is to specify the legal theories and contentions of fact upon which the parties are proceeding. A pretrial conference is held to promote organization and management of the case. We must balance here the integrity of the order and the adaptability of the proceedings. Case v. Abrams (10th Cir. 1965), 352 F.2d 193.

> Unlike pleadings, usually based on information and belief, the pre-trial order defining the issues is the result of discovery in which, as this order recites . . . both parties know the testimony of the other's witnesses. The pre-trial order supersedes the pleadings and becomes the governing pattern of the lawsuit.

Case, at 195.

7

The question before us is whether the pretrial order can be construed to include the issue of whether Garcia was entitled to compensation beyond the amount paid. The trial court has wide discretion in matters of pretrial practice. See Moore v. Sylvania Electronic Products, Inc. (3rd Cir. 1972), 454 F.2d 81, Ely v. Reading Co. (3rd Cir. 1970), 424 F.2d 758, and Davis v. Duplantis (5th Cir. 1971), 448 F.2d 918.

As stated by the Eighth Circuit:

> We are satisfied that the trial court properly interpreted the issues raised by the pleadings. In any event the appellant by the pre-trial order was fully advised of the presence in the case of the oral contract of insurance issue, and is in no position to claim that it was misled as to the issues to be tried.

American Surety Company of New York v. Williford (8th Cir. 1957), 243 F.2d 494, 497. We find that Garcia was advised by the pretrial order of the presence of the disability issue, and cannot claim surprise.

### III

In its findings of fact, the Workers' Compensation Court found that Dr. Lovitt had not been requested to prepare an impairment rating and could not state a date that Garcia could have reached maximum healing following surgery. Garcia contends that the issue of maximum healing and a subsequent impairment evaluation was not before the court and should not have been decided.

Even though Garcia contests the court's finding on Dr. Lovitt's testimony regarding the impairment rating and maximum healing, she argues that she was deprived of the right to a

8

determination on the issue of maximum healing and an impairment rating, denying her due process. Garcia argues that a determination of maximum healing is mandatory. Garcia relies on Wood v. Consolidated Freightways (1991), 248 Mont. 26, 808 P.2d 502 for the proposition that a determination of maximum healing is mandatory. However, Wood involved the question of whether the claimant was permanently partially disabled or totally disabled after receiving a work related injury. Not whether he was disabled from a work-related injury. We conclude under these facts such a determination was not necessary.

For the reasons stated above, we conclude substantial credible evidence existed to support the findings and conclusions of the Worker's Compensation Court.

Affirmed.

Justice

We Concur:

Chief Justice

Justices

9

Justice William E. Hunt, Sr., dissenting.

I dissent. The majority's opinion denies Garcia the opportunity to present evidence relating to the extent of her disability. The Workers' Compensation Court exceeded its jurisdiction by deciding issues not raised by the parties. The issue before the Workers' Compensation Court was whether Garcia suffered a compensable industrial injury arising out of her scope of employment on July 18, 1988. The court properly ruled that Garcia met the requirements of an "injury" as defined in § 39-71-119, MCA (1987). The Workers' Compensation Court, however, went one step further and ruled that her injury on July 18, 1988, did not result in any disability which entitled her to compensation beyond the amount paid.

Garcia did not receive any notice or have any opportunity to present evidence relating to the extent of her disability. Garcia's attorney only presented a case on whether she suffered a compensable industrial injury. The fact that the issue was phrased in terms of "compensable injury" did not notify Garcia that the extent of compensation was an issue. As a result, there was no evidence relating to Garcia's "maximum healing" which is necessary for her to continue receiving temporary total disability benefits. Section 39-71-701(4), MCA. The State Fund was allowed to stop paying Garcia benefits without a determination that she had achieved "maximum healing." Moreover, an impairment rating cannot be obtained until Garcia reaches "maximum healing." The Workers'

10

Compensation Court decided the issue without any evidence presented by Garcia relating to her physical impairment, or its affect on her earning capacity, because she did not have notice that the issue would be decided.

I would reverse and remand to the Workers' Compensation Court to allow Garcia to present evidence relating to the extent of her disability.

_____
Justice

Justice Terry N. Trieweiler concurs in the foregoing dissent of Justice Hunt.

_____
Justice

11

May 21, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Don Edgar Burris
Attorney at Law
P.O. Box 2344
Billings, MT 59103

Michael P. Heringer
Attorney at Law
P.O. Drawer 849
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy