JUSTICE TRIEWEILER
delivered the Opinion of the Court.
Claimant Harry A. Ness filed a petition in the Workers’ Compensation Court claiming a right to total permanent disability benefits from the date of his injury on October 14, 1981. Those benefits had been terminated and partial disability benefits commenced on December 8, 1982. Claimant’s case went to trial before a hearing examiner of the Workers’ Compensation Court on September 5, 1989, and the court’s findings of fact, conclusions of law, and judgment were entered on August 25,1990. The trial court concluded that claimant was not totally disabled and the extent of his partial disability was not an issue in that proceeding. From that judgment, and the trial court’s order denying claimant’s petition for a new trial, the claimant appeals. We reverse the judgment of the Workers’ Compensation Court.
The issues are:
1. Was there substantial, credible evidence to support the decision of the Workers’ Compensation Court?
2. Did the Workers’ Compensation Court err when it denied claimant’s request for attorney fees and costs?
Claimant was born on February 21, 1929, and was 60 years old at the time of his trial in the Workers’ Compensation Court. He had 12 years of formal education. His only specialized training related to the job of welding.
Claimant testified that all of his work experience had involved heavy labor. Other evidence indicated that past jobs included stocking shelves, janitorial work, fire fighting, trail work, and hod carrying. From 1965 until the date of his injury on October 14, 1981, he worked as a boiler maker for the defendant.
*337 On the date of the accident which gave rise to his claim for disability benefits, claimant was working for his employer welding and repairing heavy-duty equipment. At the time of his accident, he was burning a center bolt off of a belly pan which was attached to the frame of a D-8 Caterpillar. When he completed the cut, the belly pan, which weighed from 1000 to 1200 pounds, fell on top of the claimant. As a result of that incident, he sustained various injuries, including severe compression fractures of his twelfth thoracic vertebra and his first lumbar vertebra. At the time of his accident, claimant was 52 years old.
Following his accident, claimant was taken to the Veterans Administration Hospital at Fort Harrison where he was examined and treated by James P. Murphy, an orthopedic surgeon. Dr. Murphy diagnosed the fractures in claimant’s back and treated him with a back brace, rest, physical therapy, and anti-inflammatory medication. He concluded that claimant’s healing period ended on October 19, 1982, and rated the extent of his physical impairment as 25 percent of the whole man.
Based on Dr. Murphy’s conclusion that claimant had reached the end of his healing period, but without any release from Dr. Murphy for claimant to return to employment, claimant’s total disability benefits were terminated on December 8, 1982. Defendant then commenced paying partial disability benefits which were continued until November 18, 1987.
On August 2, 1989, after claimant’s petition to reinstate total disability benefits had been filed, the defendant retained Michael Anderson, a vocational rehabilitation consultant, to evaluate the claimant’s employability. He first met with Dr. Murphy on August 30, 1989. During that meeting, Dr. Murphy advised Anderson that claimant could return to light-duty work on a part-time basis, and specifically approved the job descriptions for a sewing machine operator and a parking lot attendant. Although Anderson apparently prepared a report as a result of this interview with Dr. Murphy, the record does not disclose when or if that report was ever provided to the claimant or his attorney.
Dr. Murphy is the only physician who was consulted by the defendant regarding the claimant’s employability, and the only physician who expressed an opinion on that subject in testimony before the Workers’ Compensation Court.
Dr. Murphy’s only opinion regarding claimant’s capacity for employment prior to his meeting with Anderson was a July 17,1989, *338 letter that he wrote to Dr. William Hoopes at the Disability Determination Burean in which he advised that claimant might be able to return to some type of work, but that it would certainly have to be limited to light duty.
Dr. Murphy has never released claimant to return to any of his former occupations. It was his opinion that claimant could do no heavy lifting, no bending, no stooping, and no crawling; and his prognosis for claimant’s ability to return to any type of employment on a five-day-a-week, eight-hour-a-day basis, was guarded.
Claimant has not worked since the date of his accident in 1981, and at the time of trial had qualified for social security disability benefits.
At trial, claimant offered testimony from Ian Steel, a vocational consultant, who evaluated claimant at the request of his attorney. It was his opinion that for all practical purposes, because of his age, lack of training, and physical impairment, claimant was not employable.
Defendant offered testimony from Michael Anderson, who expressed the opinion that claimant had the ability to work as a sewing machine operator, a parking lot attendant, a dispatcher, or several other light-duty jobs.
After listening to the evidence, the hearing examiner of the Workers’ Compensation Court concluded that regardless of the availability of the jobs described by Mr. Anderson, claimant had the capacity to perform them, and therefore, has not been totally disabled since October 19,1982.
On appeal, claimant contends that there was insufficient evidence to support the trial court’s decision. Specifically, claimant cites Dr. Murphy’s testimony that his return to the work place would initially have to be limited to part-time work, or be preceded by a work-hardening program, and that therefore, Dr. Murphy’s release was conditional.
Defendant responds that claimant failed to prove which jobs constitute his normal labor market, and failed to demonstrate a complete inability to perform those jobs. Therefore, according to the defendant, claimant failed to carry his burden of proving total disability.
In Rath v. St Labre Indian School (1991), 249 Mont. 433, 439, 816 P.2d 1061, 1064, we established the following standard for reviewing findings of fact and conclusions of law of the Workers’ Compensation Court:
This Court will not overturn findings of fact of the Workers’ Compensation Court if there is substantial evidence in the record *339 to support them. Kraft v. Flathead Valley Labor & Contractors (1990), 243 Mont. 363, 365, 792 P.2d 1094, 1095. Conclusions of law, “whether the conclusions are made by an agency, Workers’ Compensation Court, or trial court,” will be upheld if the tribunal’s interpretation of the law is correct. Steer v. DOR (1990), 245 Mont. 470, 803 P.2d 601, 603.
In Wood v. Consolidated Freightways, Inc. (1991), 248 Mont. 26, 808 P.2d 502, we held that maximum healing does trigger a re-evaluation of the claimant’s disability status, but that disability has non-medical, as well as medical components. In other words, Dr. Murphy’s conclusion that claimant had reached maximum healing by October 19, 1982, and that he had sustained a 25 percent physical impairment, was not a sufficient basis for terminating claimant’s total disability benefits.
We further held in Wood that:
Once a claimant presents evidence demonstrating that there is no reasonable prospect of employment in his normal labor market, the burden of proof then shifts to the employer to show that suitable work is available.
Wood, 808 P.2d at 504.
In this case, whether you accept the testimony of claimant that all of his prior work experience involved heavy labor, or the testimony of Anderson which sets forth the specific jobs claimant had previously performed, claimant demonstrated an inability to return to his prior occupations based on the testimony of Dr. Murphy which limited him to light-duty work and precluded activities such as heavy lifting, bending, stooping, or crawling. Since Dr. Murphy testified that claimant’s condition had not changed since 1982, presumably that would have also been his opinion, if asked, at that time.
Therefore, it was necessary for the defendant to comply with the four-part test previously established by the Workers’ Compensation Court prior to terminating claimant’s disability benefits. That test was established in Coles v. Seven Eleven Stores, WCC No. 2000, decided November 20, 1984, aff’d 217 Mont. 343, 704 P.2d 1048 (1985), and was approved by this Court in Wood as a proper basis for determining whether the employer had provided the minimum information necessary to discharge its duty to investigate the extent of claimant’s disability. The test requires:
(1) a physician’s determination that the claimant is as far restored as the permanent character of his injuries will permit;
*340 (2) a physician’s determination of the claimant’s physical restrictions resulting from an industrial accident;
(3) a physician’s determination,based on his knowledge of the claimant’s former employment duties, that he can return to work, with or without restrictions, on the job on which he was injured or another job for which he is fitted by age, education, work experience, and physical condition;
(4) notice to the claimant of receipt of the report attached to a copy of the report.
Wood, 808 P.2d at 505.
In this case, the only element of the test satisfied by December 8, 1982, was the first element.
There was no record of Dr. Murphy’s determination of claimant’s physical restrictions until his July 17, 1989, letter to the Disability Determination Bureau.
Dr. Murphy has never released claimant to return to his former occupations, and did not indicate that he could return to any other specific job for which he was fitted by age, education, and work experience until his meeting with Anderson on August 30,1989.
Finally, there is no record of the date on which the defendant provided claimant with any notice that it had received a report from Dr. Murphy releasing claimant to the two jobs which he had approved, or whether in fact, that report was ever provided to the claimant or his attorney.
We conclude, however, that there was substantial evidence that as of August 30, 1989, the first three elements of the Coles test had been satisfied. When there is proof of the date on which the fourth element of the Coles test has been satisfied, there will be substantial evidence for the termination of claimant’s total disability benefits, and the commencement of partial disability benefits.
The judgment of the Workers’ Compensation Court is, therefore, reversed, and this case is remanded to that court with instructions to reinstate claimant’s total disability benefits retroactive to December 8, 1982, and continuing until the date on which claimant or his attorney were provided with notice of the report completed by Dr. James P. Murphy on August 30, 1989. At that point, claimant’s disability status may be changed from total disability to partial disability. The partial disability benefits paid during that time shall be credited against the amount due. The rate for partial disability benefits was stipulated by the parties to be $120.50 per week, and *341 shall continue throughout the duration of his partial disability, not to exceed 500 weeks.
Attorney fees in workers’ compensation cases are recoverable under § 39-71-611, MCA (1981), when an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the Workers’ Compensation Judge, or on appeal. Hartman v. Staley Continental (1989), 236 Mont. 141, 768 P.2d 1380. In addition to the benefits set forth above, claimant is entitled to an award of attorney fees and costs, to be determined by the Workers’ Compensation Court.
Reversed and remanded.
JUSTICES HUNT, HARRISON and McDONOUGH concur.