NO.   94-590

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

ED   HAAG,

        Petitioner and Appellant,

     v.

MONTANA SCHOOLS GROUP
INSURANCE AUTHORITY,

        Respondent and Insurer,

SCHOOL DISTRICT NO. 1
GREAT FALLS PUBLIC SCHOOLS,

        Employer.

APPEAL FROM:   Workers' Compensation Court, State of Montana
               The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               Tom Lewis; Lewis, Huppert & Slovak, Great Falls,
               Montana

        For Respondent:

               Oliver Goe; Browning, Kaleczyc, Berry & Hoven,
               Helena, Montana

FILED

NOV 21 1995

Filed:

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   September 21, 1995

        Decided:   November 21, 1995

_____
        Clerk

Justice Karla M. Gray delivered the Opinion of the Court

Ed Haag (Haag) appeals from the Findings of Fact, Conclusions of Law and Judgment of the Workers' Compensation Court determining that he did not suffer a compensable injury arising out of and in the course of his employment. We reverse and remand.

The dispositive issue on appeal is whether the Workers' Compensation Court erred in concluding that MSGIA's failure to comply with § 39-71-606(1), MCA, did not preclude it from denying liability for Haag's claim.

Haag began working as a custodian for School District No. 1 (School District) in Great Falls, Montana, in August of 1982; by October of 1983, he had been promoted to first engineer. Haag continued to work for the School District until March 24, 1992.

Haag claims that he injured his shoulder on March 23, 1992, while employed by the School District. He contends that he felt sudden pain in his shoulder as he lifted a table in the cafeteria.

Haag timely filed a claim for compensation with the School District on April 6, 1992. More than two months later, the claims adjuster for the Montana Schools Group Insurance Authority (MSGIA), the School District's workers' compensation insurer, denied Haag's claim on the basis that he did not suffer an "injury" resulting from an "accident."

In October of 1992, Haag filed a Petition for Hearing with the Workers' Compensation Court. Trial was held and the Workers' Compensation Court subsequently issued its Findings of Fact,

Conclusions of Law and Judgment. The court concluded that Haag was not injured in a work-related accident and, on that basis, was not entitled to benefits or a penalty. The court also rejected Haag's argument that he was entitled to benefits because of MSGIA's failure to comply with § 39-71-606(1), MCA. Haag appeals.

Did the Workers' Compensation Court err in concluding that MSGIA's failure to comply with § 39-71-606(1), MCA, did not preclude it from denying liability for Haag's claim?

Section 39-71-606(1), MCA, mandates that "[e]very insurer . shall, within 30 days of receipt of a claim for compensation, either accept or deny the claim, and if denied shall inform the claimant and the department in writing of such denial." The parties agree that § 39-71-606(1), MCA, is plain and unambiguous in requiring insurers to accept or deny claims within thirty days. In addition, there is no dispute over MSGIA's failure to comply with this clear statutory mandate.

Relying on Solheim v. Ranch (1984), 208 Mont. 265, 677 P.2d 1034, the Workers' Compensation Court concluded that MSGIA's failure to accept or deny Haag's claim within thirty days as required by § 39-71-606(1), MCA, did not amount to an automatic acceptance of the claim. Haag contends that Solheim is distinguishable from this case and that MSGIA's failure to comply with § 39-71-606(1), MCA, should be deemed an acceptance of liability as a matter of law. We review the Workers' Compensation Court's conclusions of law to determine whether the court's interpretation of the law is correct. Caekaert v. State Compensation Mutual Ins. Fund (1994), 268 Mont. 105, 110, 885 P.2d

3

495, 498 (citing Stordalen v. Ricci's Food Farm (1993), 261 Mont. 256, 258, 862 P.2d 393, 394).

We note at the outset that it is possible, as Haag contends, to distinguish Solheim from the case before us and still reach the correct legal result. While we do not present the full analysis under which Solheim properly is distinguishable, it is sufficient to observe that our decision there was based on the facts of that case involving a dispute over the existence of the employment relationship between the parties. Solheim, 677 P.2d at 1037-38. Indeed, we emphasized that "the employment relationship is a cornerstone upon which workers' compensation benefits are founded." Solheim, 677 P.2d at 1041.

Here, no "cornerstone" dispute exists. MSGIA's position is not based on the absence of the employment relationship; rather, MSGIA contends that Haag did not sustain an "injury" caused by an "accident" as those terms are statutorily defined. Therefore, Solheim is not applicable here. To extend Solheim to encompass this commonplace basis for denying a claim would completely nullify § 39-71-606(1), MCA. Moreover, because it is our view, for the reasons discussed below, that Solheim incorrectly interpreted §§ 39-71-606(1) and 39-71-2907, MCA, we overrule Solheim.

In Solheim, the claimant was denied workers' compensation benefits because he was an independent contractor rather than an employee and, therefore, was excluded from coverage under § 39-71-118(1)(a), MCA. Solheim, 677 P.2d at 1040. The claimant argued that, notwithstanding his independent contractor status, he was

4

entitled to workers' compensation benefits because the insurer failed to accept or deny his claim within thirty days as required by § 39-71-606(1), MCA. Solheim, 677 P.2d at 1040. We refused to impose the "drastic penalty" of liability as a matter of law where the insurer failed to comply with § 39-71-606(1), MCA, based on its contention that no employment relationship existed. Solheim, 677 P.2d at 1041. We concluded, instead, that the penalty provision contained in § 39-71-2907, MCA, provides adequate protection for a claimant in the event that an insurer fails to accept or deny liability within thirty days. Solheim, 677 P.2d at 1040-41. On the basis of that conclusion, we held that an insurer's failure to comply with § 39-71-606(1), MCA, does not automatically entitle a claimant to benefits. Solheim, 677 P.2d at 1042.

Our analysis of § 39-71-2907, MCA, in Solheim, however, was incomplete. We did not take into sufficient account either the actual language of § 39-71-2907, MCA, or the effect of overlaying that statute onto the clear mandate of § 39-71-606(1), MCA, that an insurer accept or deny a claim within thirty days.

Section 39-71-2907, MCA, states, in pertinent part:

Increase in award for unreasonable delay or refusal to pay. (1) The workers' compensation judge may increase by 20% the full amount of benefits due a claimant during the period of delay or refusal to pay, when:
 .
    (b) prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant benefits, the insurer unreasonably delays or refuses to make the payments.

Under the plain language of this statute, a claimant would be compelled to meet two significant statutory requirements before an

5

insurer could be penalized under § 39-71-2907, MCA, for a clear and undisputed failure to comply with § 39-71-606(1), MCA.

First, the Workers' Compensation Court would have to determine the claim was compensable and issue an order awarding the claimant benefits. Section 39-71-2907(1)(b), MCA. However, nothing in the clear "notice" requirement of § 39-71-606(1), MCA, suggests that it is intended to relate to the legitimacy, or lack thereof, of a denial of a claim as later determined by the Workers' Compensation Court.

Second, the Workers' Compensation Court would have to make a factual finding that the insurer's denial or refusal to pay was unreasonable. Section 39-71-2907(1)(b) and (2), MCA; Lovell v. State Compensation Mutual Ins. Fund (1993), 260 Mont. 279, 288, 860 P.2d 95, 101. This requirement of § 39-71-2907, MCA, as applied in the context of an insurer's failure to accept or deny a claim within thirty days, is inconsistent with the mandatory nature of § 39-71-606(1), MCA.

Nothing in § 39-71-606, MCA, suggests that the legislature intended § 39-71-2907, MCA, to serve as a penalty provision for an insurer's noncompliance. Moreover, if a claimant were unsuccessful in satisfying the two statutory requirements of § 39-71-2907(1)(b), MCA, then the insurer's noncompliance with § 39-71-606 (1), MCA, would have no consequence. As we stated in <u>Solheim</u>, we should be extremely cautious before imposing a direct penalty where the legislature has failed to insert a penalty provision. <u>Solheim</u>, 677 P.2d at 1041. However, failure to do so here would totally

6

abrogate the statutory mandate of § 39-71-606(1), MCA, clearly intended by the legislature.

What we failed to recognize in Solheim is that a denial of liability for a claim based on the lack of an employment relationship is, at its most fundamental, merely a denial of the claim. Section 39-71-606(1), MCA, merely requires acceptance or denial of a claim within thirty days; it does not concern itself with the basis of any denial. We erred in Solheim by judicially exempting a particular category of denial from the clear legislative mandate contained in § 39-71-606(1), MCA.

Pursuant to our holding in Solheim, insurers could disregard the mandate contained in § 39-71-606(1), MCA, with impunity because the existence of any legitimate factual or legal dispute would insulate them from an "unreasonable" finding and, therefore, from the penalty contained in § 39-71-2907, MCA. Such a result does not provide sufficient protection for claimants. Moreover, an interpretation of § 39-71-606(1), MCA, which permits such a result exceeds our proper role in interpreting statutes. See § 1-2-101, MCA. Therefore, we overrule Solheim insofar as it addresses the legal effect of an insurer's noncompliance with § 39-71-606(1), MCA.

Here, MSGIA notified Haag two weeks after he filed his claim that it could not accept or deny his claim at that time because it had insufficient medical information. MSGIA ultimately denied the claim more than two months after receiving it. When an insurer faces such a situation where compensability and liability issues

7

might legitimately be disputed on receipt of additional investigative information, the legislature has provided the insurer with a statutory alternative to affirmatively accepting or flatly denying the claim.

Section 39-71-608, MCA, authorizes an insurer to begin payments within thirty days of receipt of a claim for compensation without admitting liability or waiving any defenses. This statute recognizes that situations may arise in which an insurer should not, in fairness, be forced to irrevocably accept or deny a claim within thirty days as required by § 39-71-606(1), MCA. Importantly, however, § 39-71-608, MCA, contains the same thirty-day period for the insurer's action as § 39-71-606(1), MCA. Thus, § 39-71-608, MCA, does not merely provide an alternative for an insurer faced with the dilemma of complying with its statutory mandate to accept or deny a claim within thirty days. Read together with § 39-71-606(1), MCA, it reemphasizes the legislature's intent to require an insurer to take action on a claim for compensation, and give notice thereof to the claimant, within thirty days.

Additionally, §§ 39-71-609 and 39-71-610, MCA, provide insurers with the means to subsequently deny liability for a claim after affirmatively accepting a claim under § 39-71-606(1), MCA, or beginning payments with a reservation of rights under § 39-71-608, MCA. Thus, the Workers' Compensation Act clearly provides insurers with an alternative which is not unduly burdensome and which is, at the same time, entirely consistent with an insurer's clear

obligation under § 39-71-606(1), MCA. Accordingly, we hold that when an insurer fails to act on a claim for compensation within thirty days, either by accepting or denying liability pursuant to § 39-71-606(1), MCA, or by beginning payments with a reservation of rights under § 39-71-608, MCA, the claim is deemed accepted as a matter of law.

Finally, we address the Workers' Compensation Court's conclusion that "[e]ven if MSGIA's failure to deny the claim within thirty (30) days is deemed an acceptance of the claim, MSGIA may contest the claim on the basis of fraud." MSGIA argues on appeal that "when an insurer denies a claim on the basis the alleged accident never occurred, the insurer is, in effect, claiming the alleged accident was fabricated and the claim filed fraudulently."

To sustain a claim of fraud, however, MSGIA was required to plead and prove each of the nine elements of fraud. See Hartfield v. City of Billings (1990), 246 Mont. 259, 263, 805 P.2d 1293, 1296. Thus, whether MSGIA could have contested Haag's claim on the basis of fraud is irrelevant here because MSGIA did not plead fraud. Moreover, fraud is not set forth in the final Pretrial Order either in MSGIA's contentions or as a contested issue to be resolved by the court as required by § 24.5.318(5)(e) and (f), ARM. See Garcia v. State Compensation Mutual Ins. Fund (1992), 253 Mont. 196, 200-201, 832 P.2d 770, 773. We conclude that the fraud issue was not properly before the Workers' Compensation Court and that the court erred in addressing it.

Therefore, we hold that the Workers' Compensation Court erred

in concluding that MSGIA's failure to comply with § 39-71-606(1), MCA, did not preclude it from denying liability for Haag's claim. On the facts of this case, MSGIA's failure to accept or deny Haag's claim within thirty days as required by § 39-71-606(1), MCA, is deemed an acceptance of Haag's claim as a matter of law.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

November 21, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Tom L. Lewis
LEWIS, HUPPERT & SLOVAK
P.O. Box 2325
Great Falls, MT 59403-2325

Oliver Goe
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
P.O. Box 1697
Helena, MT 59624-1697


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy