FILED

October 30 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0053

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 278N

RICHARD D. HINMAN,

Petitioner and Appellant,

v.

MONTANA STATE FUND,

Respondent, Insurer and Appellee.

FILED

OCT 3 0 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  Workers' Compensation Court, State of Montana
The Honorable James Jeremiah Shea, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Richard D. Hinman (Pro Se), Livingston, Montana

For Appellee:

Kevin Braun, Assistant Attorney General, Helena, Montana

Submitted on Briefs: October 17, 2007

Decided: October 30, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Report.

¶2 Appellant Richard D. Hinman (Hinman) appeals from the Findings of Fact, Conclusions of Law, and Judgment entered in the Workers' Compensation Court of the State of Montana, denying him workers' compensation benefits. We affirm.

¶3 Hinman worked as an auto mechanic, body repairer, welder, and painter for Specialized Automotive from May 2003 through August 2003. Approximately eighteen months later, on January 28, 2005, Rebecca Canner, M.D., diagnosed Hinman with chronic obstructive pulmonary disease (COPD). Hinman believed that his development of COPD related to his exposure to chemicals during his time of employment at Specialized Automotive. Dr. Canner and two other doctors conducted further evaluations and tests on Hinman during February and March of 2005. None of the doctors offered an opinion regarding the cause of Hinman's COPD. The doctors merely reported a history of exposure to toxic chemicals as provided by Hinman.

¶4 Hinman filed a claim for workers' compensation benefits. Montana State Fund, the insurer for Specialized Automotive, requested that John Schumpert, M.D., perform an independent medical examination on Hinman. Dr. Schumpert reviewed the medical records

2

provided by Hinman, took a medical history from Hinman, and performed a physical examination. Hinman revealed in his medical history that he had smoked approximately two packs of cigarettes a day for the last twenty years. Dr. Schumpert concluded that Hinman's smoking was the proximate cause of Hinman's COPD. Dr. Schumpert noted that the high resolution CT scan failed to reveal objective evidence of any other causes of his current pulmonary complaints. The Workers' Compensation Court entered Findings of Fact, Conclusions of Law, and Judgment denying Hinman's claim for workers' compensation benefits on January 5, 2007. Hinman appeals.

¶5 Hinman, appearing *pro se*, argues that his exposure to unspecified toxic chemicals during his brief employment with Specialized Automotive caused him to contract COPD. Montana State Fund counters that Hinman failed to carry his burden of proof in establishing that his three-month employment stint at Specialized Automotive caused his COPD condition.

¶6 We review a decision of the Workers' Compensation Court to determine whether substantial evidence supports the findings and conclusions of that court. *Wood v. Consolidated Freight Ways, Inc.*, 248 Mont. 26, 28, 808 P.2d 502, 504 (1991). We do not substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact. *Wood*, 248 Mont. at 28, 808 P.2d at 504. We will not overturn a decision of the Workers' Compensation Court where substantial evidence supports it. *Wood*, 248 Mont. at 28, 808 P.2d at 504. We review the legal conclusions reached by the Workers' Compensation Court to determine whether the conclusions are correct. *Stordalen v. Ricci's*

3

*Food Farm*, 261 Mont. 256, 258, 862 P.2d 393, 394 (1993). We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the Workers' Compensation Court's Findings of Fact, and that the legal issues are clearly controlled by settled Montana law and that the Workers' Compensation Court correctly interpreted it.

¶7     We affirm the Judgment of the Workers' Compensation Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4